**TOMAR ELECTRONICS, INC., Plaintiff,**

v.

**WHELEN TECHNOLOGIES, INC. and ASH, Inc., d/b/a Auto Safety House, Defendants.**

**No. Civ. 92–0882–PHX CAM.**

United States District Court, D. Arizona.

Oct. 30, 1992.

---

Charles E. Cates, Cates & Holloway, Scottsdale, AZ, Roger A. Van Kirk, Guy D. Yale, Hartford, CT, for defendant Whelen Technologies, Inc.

Thomas G. Hayman, Hayman & Johnson, P.C., Phoenix, AZ, for defendant Kirk Amster.

Thomas G. Watkins III, Cahill, Sutton & Thomas, Phoenix, AZ, for plaintiff Tomar Electronics, Inc.

## ORDER

MUECKE, District Judge.

Having considered the pleadings filed by the parties concerning defendants' motions to dismiss, stay or transfer, strike plaintiff's motion, and for protective order, and for plaintiff's motion to reset discovery schedule, the Court has determined that this matter is appropriate for submission without oral argument[1], and concludes as follows:

1. A district court has the discretion to rule on motions without a hearing. *See United States Fidelity and Guaranty Co. v. Lawrenson,* 334 F.2d 464, 467 (4th Cir.), *cert. denied,* 379 U.S. 869, 85 S.Ct. 141, 13 L.Ed.2d 71 (1964); Fed.R.Civ.P. 78.

## FACTUAL BACKGROUND

This is an action for patent infringement concerning certain "lighting products." Plaintiff Tomar is an Arizona corporation.[2] Defendant Whelen designs, manufactures and markets vehicular light products. Defendant ASH, Inc., does business as Auto Safety House. Plaintiff alleges that ASH purchases and resells products manufactured and distributed by Whelen.

Although the complaint does not identify the lighting products, apparently, the alleged infringing products consist of Whelen's Model PAR–36S and Model PAR–36H warning lights from the automotive product line. Plaintiff seeks preliminary and permanent injunctive relief.[3]

## I. Defendant Amster's Motion to Dismiss

Plaintiff's original complaint named Kirk Amster as the second defendant. Amster is general manager of the Auto Safety House. In the first amended complaint, filed the same day as the response to this motion to dismiss, plaintiff dropped Amster as an individual defendant and substituted ASH, Inc., d/b/a Auto Safety House. Therefore, the filing of the first amended complaint renders moot this motion, since Amster is no longer a defendant.

Amster requests that the court award him the attorneys' fees and costs incurred for defending this action. Amster charges that plaintiff "made no effort to adequately investigate the basis for its claims against Amster before filing suit." Motion, at 3. Plaintiff has detailed the effort made to determine the proper defendant. There is no indication that plaintiff's actions abused the litigation process. In addition, Amster has provided no basis upon which this Court can grant attorneys' fees and costs. Therefore, the request shall be denied.

2. Tom Sikora and Robert Nagel, the joint inventors of the Tomar patents at issue, reside in Arizona.

3. These parties have participated in two other lawsuits in this district in recent years. From 1987 until 1989, the parties were involved in a patent infringement and trademark infringement lawsuit before Judge Hardy, which eventually

## II. Defendant Whelen's Motion to Dismiss or to Transfer

Defendant Whelen asks this Court to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(2)[4] for lack of personal jurisdiction. In the alternative, Whelen requests that this Court transfer this action to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. § 1404(a).

The patents at issue in this lawsuit are owned by plaintiff Tomar. The patents are numbers 4,870,551 ("551"), issued on September 26, 1989, and 4,953,062 ("062"), issued on August 28, 1990. Whelen designs, manufactures and markets vehicular light products. Whelen is a corporation organized under the laws of Connecticut with its principal manufacturing facility and place of business in Chester, Connecticut. Whelen's only other place of business within the United States is in New Hampshire. Affidavit of Howard Berke, at 1. Whelen asserts that the products which allegedly infringe the patents in this lawsuit were designed, developed and manufactured in Connecticut. Motion, at 4. According to Whelen, all records and individuals relating to the creation, manufacturing and sales of the product are in Connecticut.

## A. Whether this Court has Personal Jurisdiction over Whelen and Venue is Proper in Arizona

In patent infringement lawsuits, 28 U.S.C. § 1400(b) governs the venue determination. *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 228–29, 77 S.Ct. 787, 791–92, 1 L.Ed.2d 786 (1957). 28 U.S.C. § 1400(b) provides that venue is proper if (1) the defendant resides in the judicial district, or (2) the defendant has committed acts of infringement and has a regular place of business in the judicial district. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1577–78 (Fed.Cir.1990), *cert. de-*

settled. In 1989, Tomar filed suit against Whelen, and Whelen counterclaimed. That case has been reassigned to Judge McNamee, but involves different patents.

4. Fed.R.Civ.P. 12(b)(2) authorizes a motion to dismiss on the grounds that the court lacks jurisdiction over the defendant's person.

*nied,* —— U.S. ——, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991).

■ Whelen argues that, according to the definition of "reside" adopted by Congress, it has not resided in Arizona. A corporate defendant resides in any judicial district where it is subject to personal jurisdiction. *VE Holding Corp.,* 917 F.2d at 1584. In other words, venue for a corporate defendant in a patent infringement lawsuit depends on the test for personal jurisdiction.

■ In Arizona, personal jurisdiction under the long arm statute Rule 4(e)(2) is conferred upon Arizona residents to the extent permitted by the Constitution. The constitutional test for personal jurisdiction depends on whether a defendant has established minimum contacts with the forum state. The due process clause requires that the defendant must have minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1287 (9th Cir.1977).

■ *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), recognized a distinction between "general jurisdiction" and "special jurisdiction." *Id.* at 414–15, n. 8 & 9, 104 S.Ct. at 1872, n. 8 & 9. "Special jurisdiction is asserted when the defendant's forum contacts are sporadic, but the cause of action arises out of those contacts. This distinction is a significant one because in order to assert general jurisdiction there must be substantial forum related activity on the part of the defendant." 4 Wright & Miller, *Federal Practice & Procedure,* § 1067, at 296 (West 1987). Jurisdiction with respect to Whelen concerns "special jurisdiction."

■ The Ninth Circuit applies a three-part test to determine whether specific jurisdiction applies to a cause of action arising out of defendant's forum-related activities:

1. The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

2. The claim must be one which arises out of or results from the defendant's forum-related activities.

3. Exercise of jurisdiction must be reasonable.

*Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1195 (9th Cir.1988).

■ Once minimum contacts are established, a rebuttable presumption arises that the exercise of jurisdiction is reasonable. *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1397 (9th Cir.1986). "The defendant bears the burden of ultimately proving that the exercise of jurisdiction is unreasonable." *Sinatra, supra* at 1195.

**1. *Purposeful Availment through Forum–Related Activities***

■ "Purposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff. (citation omitted). In order to have purposely availed oneself of conducting activities in the forum, the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Id.* Where a non-resident defendant solicits business in the forum state, if those activities result in the transaction of business, the defendant has purposefully availed himself in the forum state. *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir.1990).

Whelen asserts that its total sales of products to the automotive market in Arizona are minor. For example, for the fiscal year ending August 31, 1991, Whelen's sales of automotive products in Arizona amounted to 0.3% of its total U.S. sales of its automotive products. Berke affidavit, at para. 5. Also, in the last two years, Whelen's total sales in Arizona of the alleged infringing product has been 43 units with a total sales price of less than $2,000. Berke Affidavit, at para. 3. Defendant has no property or employees in Arizona, nor is it licensed to do business in Arizona. Berke affidavit, at para. 7. In

short, Whelen submits that its contacts with Arizona are substantially less than those needed to establish personal jurisdiction. Therefore, if there is no personal jurisdiction, venue is not proper in Arizona.

■ The Tomar patent 551 issued in September, 1989. Plaintiff charges that Whelen's infringement on that patent commenced at the same time, and continues to this date. Whelen's minimum contacts are to be evaluated at the time that Tomar's claim arose and not as of the complaint filing date (May 12, 1992). Response, at 3–4, *citing Steel v. U.S.*, 813 F.2d 1545, 1549 (9th Cir.1987) ("Courts must examine the defendants' contacts with the forum at the time of the events underlying the dispute when determining whether they have jurisdiction."). Based on an evaluation of defendants' activities from September, 1989 forward, the Court concludes that defendant Whelen did have minimum contacts with Arizona.

■ First, Whelen's product catalog was effective from April 15, 1990 until October 15, 1990. This catalog indicates that Whelen operated a Regional Sales Office in Tucson, Arizona, with a listed Arizona telephone number. Plaintiff's Exh. 3. Whelen's Vice-President Berke stated in his deposition that the Sales Office was open during 1989, but was closed in June or July of 1990. Exh. 2, at 15. Operating that office for ten months amounts to minimum contacts.

Second, Whelen's customer list establishes that Whelen sold products in Arizona through twelve Arizona distributors and two Arizona dealers. Exh. 4. Also, Whelen promotes and sells its products directly to forty other Arizona customers, as well as repairs sold products. Whelen promotes its products at trade shows, through national advertising and through in-person sales calls in Arizona. Those sales consist of equipping hundreds of vehicles with Whelen products. Exh. 5.

Third, Whelen maintains a toll free number for Arizona customers to place orders. Exh. 2. Finally, plaintiff charges that Whe-

len assigns two California sales representatives to promote Whelen's products to Arizona customers. Exh. 2, at 102–111.

This Court is convinced that Whelen's activities are sufficient to establish the minimum contacts necessary to give rise to plaintiff's claims. Whelen purposely directed its activities relative to the allegedly infringing product toward Arizona. Those activities are not merely incidental to participation in interstate commerce.

### 2. *Arising Out Of*

■ In a patent infringement case, a patent has its fictional situs at the residence of the owner. *Horne v. Adolph Coors Co.*, 684 F.2d 255 (3rd Cir.1982). Arizona is Tomar's residence, and the location of Tomar's injury. Although Whelen argues that all customer orders are subject to acceptance in Connecticut and that no sales are made in Arizona, the Court is not convinced. The Court believes that sufficient sales and contacts have occurred in Arizona to establish that the claim arose out of Whelen's contacts. *See Wilden Pump & Engineering Co. v. Versa-Matic Tool, Inc.*, 20 U.S.P.Q. 2d 1788, 1790, 1991 WL 280844 (C.D.Cal.1991) (for jurisdictional purposes, the technical situs of a sale is simply not controlling).

### 3. *Reasonableness*

■ "Reasonableness is considered as a separate factor in determining the existence of limited jurisdiction." *Sinatra* at 1198. Since the Court can exercise jurisdiction over Whelen, Whelen must overcome the presumption that the exercise of jurisdiction is reasonable. *See Sinatra, supra* at 1195.

The Court considers seven factors in determining whether the exercise of jurisdiction is reasonable:

"the extent of purposeful interjection; [5] the burden on the defendant; the extent of conflict with sovereignty of the defendant's state; the forum state's interest in adjudicating the suit; the most efficient judicial resolution of the dispute; the convenience

---

**5.** The "Ninth Circuit cases give the 'purposeful interjectment' factor no weight once it is shown that the defendant purposefully directed its activ- ities to the forum state." *See Corporate Investment Business Brokers v. Melcher*, 824 F.2d 786, 790 (9th Cir.1987).

and effectiveness of relief for the plaintiff; and the existence of an alternative forum." *Sinatra, supra* at 1198–99.

■ Defendant has provided insufficient evidence that the exercise of jurisdiction in this matter would be unreasonable. Indeed, the exercise of jurisdiction in this case appears to be reasonable. First, this case is a patent infringement case based solely upon the federal patent laws, so there is no conflict with the sovereignty of Connecticut. Second, this conflict can be efficiently resolved before this Court and full relief, if appropriate, on plaintiff's claims can be effectuated by this Court. Third, this case could not have been brought in the Connecticut District Court because venue would not be appropriate over defendant Auto Safety House. Finally, defendant has failed to meet the burden of rebutting the presumption that the exercise of jurisdiction would be reasonable. In short, this Court is convinced that this Court has personal jurisdiction over Whelen and venue is proper in Arizona.

**B.  Whether this Court Should Transfer the Action to Connecticut**

If this Court does not dismiss this action, defendant Whelen requests the transfer of this lawsuit to the District of Connecticut, pursuant to 28 U.S.C. § 1404(a).

28 U.S.C. § 1404(a) states that:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ Section 1404(a) presupposes that proper venue exists in the forum in which the suit is filed. Assuming that venue is proper in Arizona, the transferor forum, if a more convenient forum exists, the court may transfer the action to the more convenient forum, under 28 U.S.C. 1404(a). *Pfeiffer v. Intern. Acad. of Biomagnetic Medicine,* 521 F.Supp. 1331, 1336–37 (W.D.Mo.1981). However, that forum must also be proper. As plaintiff correctly points out, because co-defendant Auto Safety House is an Arizona corporation having business operations located only in Arizona, Connecticut would not have personal jurisdiction over that defendant, and venue would not be proper in Connecticut. Thus, this Court concludes that the present case cannot now be transferred to Connecticut pursuant to § 1404(a). *See Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) (the requirements of § 1404(a) cannot be met by having a defendant waive its venue rights).

**III.  Defendant Whelen's Motion for Stay of Discovery**

■ Defendant Whelen requests a stay of discovery until thirty days after the entry of this order deciding whether to dismiss or transfer this case. Defendant has provided few facts and no applicable law upon which this Court could rely in granting this motion. Therefore, the motion shall be denied.

**IV.  Plaintiff Tomar's Motion to Reset Discovery Schedules**

Plaintiff requests that this Court reset discovery and briefing schedules. Plaintiff is concerned that defendant Whelen is continuing to manufacture and sell the alleged infringing products. Because this Court is denying the motions to dismiss and transfer, this Court shall retain jurisdiction of this lawsuit. Therefore, as soon as all defendants answer the First Amended Complaint, the Court shall immediately require the parties to submit proposed deadlines in this lawsuit for discovery, dispositive motions and submission of the Local Rule 42C pretrial order. At that time, the Court shall set deadlines. Therefore, this motion shall be denied.

**V.  Defendant Whelen's Motion to Strike**

■ Defendant Whelen argues that plaintiff Tomar has waived its right to respond to the motion to dismiss/transfer because the response was filed beyond the due date, and Tomar did not request an extension of time from the Court. Apparently, Whelen is arguing that this Court should summarily grant Whelen's motion. Rule 11 of the Rules of Practice of the United States District Court for the District of Arizona states "if the opposing party does not serve and file the required answering memoranda, ... such non-compliance may be deemed a consent to

the denial or granting of the motion and the court *may* dispose of the motion summarily" (emphasis added). Thus, the application of this Rule is not mandatory. In particular, having determined that dismissal or transfer is inappropriate, it is this Court's belief that this situation illustrates the type of circumstance that does not justify the application of this Rule. In short, the motion shall be denied.

## VI. *Whelen's Motion for Protective Order*

Defendant Whelen requests a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff intends to take depositions of parties located in the Phoenix area in connection with this lawsuit. Defendant Whelen asserts that because it has no employees in Arizona, it believes that plaintiff intends to depose Whelen's customers. Motion, at 2. Whelen seeks to have this Court limit plaintiff to discovery sought directly from Whelen or other sources. Defendant seeks to only allow discovery of Whelen's customers by permission of the Court and upon a showing that the discovery sought is relevant to the issues in the motion, and cannot be obtained by alternate means. Whelen's customers in Arizona include, among others, the Cities of Phoenix, Tucson, Sedona, Prescott, and Phoenix and Tucson Police and Fire Departments.

Defendant has entirely failed to comply with the Local Rules applicable to discovery motions. Rule 11(j) of the Rules of Practice of the United States District Court for the District of Arizona states:

(j) Discovery Motions Generally. No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter.

Therefore, the Court shall deny this motion.

Finally, this Court feels compelled to address the parties' effort to file documents under seal pursuant to a confidentiality agreement. This Court is unwilling to restrict public access to a file unless absolutely necessary. Absent a showing of the necessity by the parties, the Court will not seal documents or memoranda simply because the parties state that the documents or memoranda should be confidential.

Based on the foregoing, IT IS ORDERED THAT:

(1) Defendant Amster's motion to dismiss (Doc. # 4) IS HEREBY DENIED.

(2) Defendant Whelen's motion for stay of discovery (Doc. # 6-1) IS HEREBY DENIED.

(3) Defendant Whelen's motion to transfer (Doc. # 6-2) IS HEREBY DENIED.

(4) Plaintiff Tomar's motion to reset schedules (Doc. # 15) IS HEREBY DENIED.

(5) Defendant Whelen's motion to strike (Doc. # 18) IS HEREBY DENIED.

(6) Defendant Whelen's motion for protective order (Doc. # 20) IS HEREBY DENIED.