**OREGON PRECISION INDUSTRIES, INC., Plaintiff,**

v.

**INTERNATIONAL OMNI–PAC CORPORATION, a California corporation, and Statco Engineering & Fabricators, Inc., dba Monroe Machinery & Supplies, a California corporation, Defendants.**

Civ. No. 94–1087–FR.

United States District Court,
D. Oregon.

June 27, 1995.

Daniel P. Chernoff and Dennis E. Stenzel, Chernoff, Vilhauer, McClung & Stenzel, Portland, OR, for plaintiff.

D. Lawrence Wobbrock, Portland, OR and Lyle R. Mink, Los Angeles, CA, for defendants.

## OPINION

FRYE, District Judge:

The matters before the court are (1) the motion of defendant International Omni–Pac Corporation (Omni–Pac) to dismiss the complaint for lack of personal jurisdiction and for improper venue (# 11–1) or, in the alternative, to transfer this action to a more convenient forum (# 11–2); and (2) the motion of defendant Statco Engineering & Fabricators Inc. (Statco) to dismiss the complaint for failure to state a claim for relief (# 12–1) or, in the alternative, to transfer this action to a more convenient forum (# 12–2).

## BACKGROUND

The plaintiff, Oregon Precision Industries, Inc. (OPI), an Oregon corporation with its principal place of business in Eugene, Oregon, brings this action for patent infringement against the defendants, Omni–Pac and Statco, California corporations with their principal places of business in the State of California. OPI is the holder of a patent for milk jug carrier straps. This patent was issued on April 26, 1994. Omni–Pac is a competitor of OPI. In its complaint, OPI alleges that Omni–Pac conducts business in the State of Oregon by selling its products to residents of the State of Oregon and by shipping its products within the State of Oregon. OPI alleges that since January of 1993, Omni–Pac has manufactured, used and sold carrier straps for milk containers that infringe OPI's patent. In his affidavit, Richard Erickson, the president of Omni–Pac, states as follows: Omni–Pac is not qualified to do business in the State of Oregon; Omni–Pac has no offices, employees, telephone numbers, or mailboxes in the State of Oregon; Omni–Pac does not own any property in the State of Oregon; employees of Omni–Pac do not and have not conducted business in the State of Oregon; Omni–Pac has not advertised in the State of Oregon; when production began in January of 1993, Omni–Pac made two direct sales of its M2 carrier to customers in the State of Oregon; Omni–Pac has not sold any M2 milk carriers in the State of Oregon since January of 1993; and Omni–Pac has not used or manufactured any M2 milk carriers in the State of Oregon.

On June 24, 1992, Jeff Vines, the Marketing Manager of Omni–Pac, sent a facsimile to Jack Bruni at the Echo Springs Dairy in Eugene, Oregon, informing him that Omni–

Pac was concerned about the intentions of a "local injection molder" and the possibility of patent infringement. Exhibit 1 to Declaration of Bruce DeDock. OPI is the only injection molder that is located in Eugene, Oregon. In August of 1992, Vines told James Borg, the president of OPI, that OPI was infringing a patent held by Omni–Pac relating to milk carriers. At that time, Borg's patent was pending. Vines proposed that OPI produce Omni–Pac's carrier instead of producing its own carrier. Vines told Borg that if OPI did not accept the proposal, Richard Erickson, the president of Omni–Pac, would protect his patent, and OPI would be " 'in a lot of trouble.' " Declaration of James Borg, p. 2.

On November 21, 1992, Omni–Pac and Statco entered into a contract whereby Statco agreed to act as the exclusive sales representative for Omni–Pac's "M–2," a two-pack milk jug carrier for one gallon plastic milk jugs, in the States of California, Arizona, Oregon, Washington, Idaho, Montana, Utah, Wyoming and Hawaii. As the exclusive sales representative for Omni–Pac, Statco agreed to provide coverage for existing and potential customers in the assigned territories and to solicit and procure orders on behalf of Omni–Pac. Statco also agreed not to represent or to sell competitive products or product lines without the prior approval of Omni–Pac. Omni–Pac agreed to hold Statco harmless in all legal actions involving patents between Omni–Pac and any third party. Exhibit 3 to Declaration of Bruce DeKock.

OPI alleges that Statco has sold carrier straps for milk containers that infringe OPI's patent. Statco concedes that this court has personal jurisdiction over it because Statco operates a place of business in the State of Oregon under the name of Monroe Machinery & Supplies.

## CONTENTIONS OF THE PARTIES

OPI contends that Omni–Pac is subject to the personal jurisdiction of this court because it has purposefully directed its activities toward the residents of the State of Oregon as follows: (1) by entering into an exclusive sales agreement with Statco to sell Omni–Pac's carriers in the State of Oregon; (2) by making direct sales of its carriers to customers in the State of Oregon; (3) by shipping its carriers into the State of Oregon; (4) by contacting potential customers of its carriers in the State of Oregon; (5) by providing samples of Omni–Pac's carrier and promotional literature for Statco's office in Portland, Oregon; (6) by calling James Borg in the State of Oregon and threatening a potential patent infringement action; and (7) by soliciting an agreement with OPI to market its carriers.

With regard to Statco's motion to dismiss for failure to state a claim for relief, OPI has alleged that Statco has actively solicited and procured orders for Omni–Pac's carriers, and that Statco manufactures and sells a machine designed to attach the carriers produced by Omni–Pac. OPI argues that these allegations are sufficient to state a claim for patent infringement. In the alternative, OPI requests leave to amend its complaint to allege that Statco has used Omni–Pac's carrier in violation of 35 U.S.C. § 271(a), and to allege that Statco induced the infringement of its patent under section 271(b) because of its sales and demonstration activities under the exclusive sales agreement, and its manufacture and sale of its applicator, which is specifically designed for the Omni–Pac carrier.

OPI opposes the motions of Omni–Pac and Statco to transfer this action to another forum on the ground that a transfer would merely shift the inconvenience of litigation from Omni–Pac and Statco to OPI. OPI contends that a majority of its witnesses, as well as its records and documents, are located in the State of Oregon.

Omni–Pac contends that it is not subject to the personal jurisdiction of this court because it has not sold, manufactured or used its carriers or conducted any business in the State of Oregon since OPI's patent was issued on April 26, 1994. Omni–Pac maintains that it is not subject to the personal jurisdiction of this court on the basis of Statco's activities because Statco is a separate and independent corporation.

Omni–Pac also moves for a transfer of this action to the Central District of California on the grounds that a majority of the witnesses

reside in the State of California; that to defend the action in the State of Oregon will impose a heavy burden on Omni–Pac and Statco; and that the interests of the State of Oregon in this action are minimal when compared to the interests of the State of California, where Omni–Pac manufactures, uses and sells large quantities of its carriers.

## APPLICABLE STANDARD

■ A motion to dismiss under Rule 12(b)(6) will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States,* 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). When a defendant challenges the personal jurisdiction of the court, the plaintiff has the burden of establishing that the court has personal jurisdiction. In reviewing a motion to dismiss for lack of personal jurisdiction which is supported solely by deposition materials and affidavits, dismissal is appropriate only if the plaintiff fails to make a *prima facie* showing of personal jurisdiction. *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 379 (9th Cir.1990).

## APPLICABLE LAW

■ Because this is a patent infringement action under 35 U.S.C. § 271 *et seq.,* the law of the Federal Circuit determines whether Omni–Pac is subject to the jurisdiction of this court. *See Akro Corp. v. Luker,* 45 F.3d 1541, 1543 (Fed.Cir.1995). The specific issue is whether the Due Process Clause of the Fifth Amendment to the United States Constitution or a specific limiting provision in the long-arm statute of the State of Oregon precludes this court from exercising personal jurisdiction over Omni–Pac. The law of the State of Oregon permits a court to exercise jurisdiction over any party so long as "prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States." Or.R.Civ.P. 4 L. Oregon's long-arm statute is thus coextensive with the limits of due process. *Gray & Co. v. Firstenberg Mach. Co.,* 913 F.2d 758, 760 (9th Cir. 1990). Accordingly, the sole inquiry as to whether Omni–Pac is subject to the personal jurisdiction of this court is whether the exercise of jurisdiction is consistent with due process.

■ The Federal Circuit uses a three-part test for determining whether the exercise of limited jurisdiction is consistent with due process: (1) the non-resident defendant must have purposefully directed activities at residents of the forum by some affirmative act or conduct; (2) the plaintiff's claim must arise out of or relate to the forum-related activities of the defendant; and (3) the exercise of jurisdiction must not be constitutionally unreasonable. *Akro Corp.,* 45 F.3d at 1545.

## ANALYSIS AND RULING

### 1. *Omni–Pac's Motion to Dismiss*

Due process of law requires that the contacts of Omni–Pac with the State of Oregon must have been purposeful and not solely attributable to OPI. Therefore, this court must determine whether Omni–Pac has performed some type of affirmative conduct which allows or promotes the transaction of business in the State of Oregon and is related to this litigation. *See Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1195 (9th Cir. 1988).

■ The warnings given by Omni–Pac to OPI regarding possible patent infringement are not sufficient minimum contacts with the State of Oregon to subject Omni–Pac to the personal jurisdiction of this court. This case is distinguishable from *Oki America v. Tsakanikas,* 1993 WL 515860 (N.D.Cal.); *Dolco Packaging Corp. v. Creative Indus.,* 1 U.S.P.Q.2d 1586, 1986 WL 84366 (C.D.Cal.1986); and *Burbank Aeronautical Corp. II v. Aeronautical Dev. Corp.,* 1990 WL 261395 (C.D.Cal.), the cases relied upon by OPI. In each of the above cases, the plaintiff brought an action for a declaratory judgment of non-infringement. In this case, OPI seeks monetary damages for the infringement of a patent issued to it on April 26, 1994. Omni–Pac's alleged warnings to OPI occurred more than two years before the patent involved in this case was issued. The court concludes that Omni–Pac's warnings to OPI regarding potential patent in-

fringement do not subject Omni–Pac to the personal jurisdiction of this court in this litigation. The court also concludes that the sales by Omni–Pac of its carriers to two customers in the State of Oregon, which sales occurred *before* a patent was issued to OPI are not sufficient to constitute the minimum contacts necessary for this court to exercise personal jurisdiction over Omni–Pac.

■ The court concludes, however, that Omni–Pac has purposefully directed its activities toward the residents of the State of Oregon by entering into an exclusive sales agreement with Statco whereby Statco has agreed to act as the sole representative of Omni–Pac within the State of Oregon, and that the act of entering into the exclusive sales agreement with Statco is affirmative conduct which allows or promotes the transaction of business within the State of Oregon. In its complaint, OPI alleges that the carrier manufactured and sold by Omni–Pac infringes OPI's patent. Omni–Pac's carrier is the product for which Omni–Pac entered into the exclusive sales agreement with Statco, creating an exclusive sales territory which encompassed the State of Oregon. The sales agreement between Omni–Pac and Statco prohibits Statco from representing or selling any of the goods of the competitors of Omni–Pac within the State of Oregon, and Omni–Pac has agreed to hold Statco harmless as a result of any patent infringement actions. Accordingly, OPI's patent infringement action results from alleged injuries that arise out of or relate to activities purposefully directed by Omni–Pac toward the residents of the State of Oregon.

Omni–Pac argues that the sales agreement between it and Statco is not relevant to the issue of personal jurisdiction because the parties orally modified the sales agreement to exclude the State of Oregon from the sales territory before OPI's patent was issued. However, based upon the deposition testimony of (1) James Statham, the owner of Statco who signed the agreement on behalf of Statco; (2) Clarence Dreier and Larry Gruendike, employees of Statco who are responsible for the day-to-day execution of the agreement; and (3) James Butte, a former sales representative for Monroe Machinery, the court finds that the parties did not orally modify the sales agreement to exclude the State of Oregon from its sales territory. Statham, Dreier, Gruendike and Butte testified that the State of Oregon did not represent a significant market for the Omni–Pac carrier. However, they also testified that they were unaware of an agreement between Omni–Pac and Statco to discontinue the marketing of the Omni–Pac carrier within the State of Oregon. Butte testified that samples of the Omni–Pac carrier, as well as price lists and promotional literature regarding the Omni–Pac carrier, were available at Statco's office in Portland, Oregon. Butte also said that he was not told to stop soliciting sales from customers in the State of Oregon. Omni–Pac relies upon the testimony of Richard Erickson, the president of Omni–Pac, to establish that there was an oral understanding between Erickson, Statham and Dreier that Statco would not solicit customers within the State of Oregon. However, in view of the testimony of Statham, Dreier, Gruendike and Butte, the court concludes that the parties did not orally modify the sales agreement.

The exclusive sales agreement was in effect after April 26, 1994, the date on which OPI's patent issued, and, even though no direct sales were made to customers in the State of Oregon after that date, Statco was still prohibited from marketing any of OPI's products in the State of Oregon. Because the sales agreement continued in effect after OPI's patent was issued, the court has limited its inquiry to the time of the events underlying the dispute, and Omni–Pac's reliance on *Tomar Elecs., Inc. v. Whelen Techs., Inc.,* 819 F.Supp. 871 (D.Ariz.1992), which held that a defendant's minimum contacts are to be evaluated at the time that the plaintiff's claim arose, is misplaced.

■ Omni–Pac argues that a sales agreement is insufficient to establish personal jurisdiction because no carriers were sold in the State of Oregon after OPI's patent was issued on April 26, 1994, and therefore OPI cannot prove that Omni–Pac's activities in the State of Oregon constituted patent infringement under 35 U.S.C. § 271(a). In determining whether this court may exercise

limited personal jurisdiction over Omni–Pac, the court is not limited to only those activities which underlie a cause of action, but may also consider activities which *relate to* the cause of action. This court may exercise jurisdiction over Omni–Pac because it has purposefully directed the activities which relate to this litigation toward the residents of the State of Oregon. There is no additional requirement that OPI prove that Omni–Pac's activities purposefully directed toward the residents of the State of Oregon in themselves violated OPI's patent.

The final inquiry is whether the exercise of personal jurisdiction over Omni–Pac would be constitutionally reasonable. The following factors are relevant to a determination of the reasonableness of a court which exercises limited jurisdiction over a non-resident defendant:

1) the extent of the defendant's purposeful interjection into the forum state's affairs; 2) the burden on the defendant; 3) conflicts of law between the forum and defendant's home jurisdiction; 4) the forum's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the dispute; 6) the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum.

*Roth v. Garcia Marquez,* 942 F.2d 617, 623 (9th Cir.1991).

■ "Once purposeful availment has been established, the forum's exercise of jurisdiction is *presumptively reasonable.* To rebut that presumption, a defendant must present a *compelling* case that the exercise of jurisdiction would, in fact, be unreasonable." *Roth,* 942 F.2d at 625 (internal quotation marks omitted; emphasis in original). Because Omni–Pac purposefully availed itself of the privilege of doing business in the State of Oregon, Omni–Pac has the initial burden of showing that the exercise of jurisdiction would be unreasonable. *See Hoag v. Sweetwater Int'l,* 857 F.Supp. 1420 (D.Nev.1994). The State of Oregon has a recognized interest in providing an effective means of redress for its residents. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477, 105 S.Ct. 2174, 2184–85, 85 L.Ed.2d 528 (1985). Omni–Pac has not made a sufficient showing that de-

fending this action in the State of Oregon would be unduly burdensome; that it would be that much more convenient to try this action in another forum; or that there is a conflict of laws with another state which outweighs the interests of the State of Oregon. The requirement of purposeful interjection is analogous to the requirement of purposeful availment, and the factors discussed by the court in that section of this opinion are relevant here as well. Balancing the seven factors set out above, the court concludes that the exercise of personal jurisdiction over Omni–Pac in this action is reasonable.

After applying the three-part test for the exercise of limited personal jurisdiction to the facts of this case, the court concludes that the exercise of limited personal jurisdiction is consistent with due process. Accordingly, the motion of Omni–Pac to dismiss the complaint for lack of personal jurisdiction is denied.

### 2. *Statco's Motion to Dismiss*

■ Statco moves the court to dismiss the complaint against it under 35 U.S.C. § 271(a) for failure to state a claim for relief. Clarence Drier, the vice-president of Statco, states that Statco has not sold, used or manufactured the Omni–Pac carrier. OPI contends that the terms of the exclusive sales agreement raise at least a question of fact on that issue. In addition, OPI requests leave to amend its complaint to allege Statco's use of the Omni–Pac carrier in violation of 35 U.S.C. § 271(a), and the inducement of infringement under section 271(b) on the basis of its sales and demonstration activities under the exclusive sales agreement and its manufacture and sale of the applicator specifically designed for the Omni–Pac carrier. The motion is granted. Statco's motion to dismiss for a failure to state a claim for relief is deemed moot.

### 3. *Motions to Transfer*

Omni–Pac and Statco move the court to transfer this action to the Central District of California on the ground that it is a more convenient forum. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of

forum." *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986).

In considering a motion to transfer to a more convenient forum, the court must weigh both public and private factors. Public factors include the interest in having a diversity case tried in the district court where the law which governs the dispute applies, thereby avoiding unnecessary problems because of conflicts of law and avoiding the application of foreign law and the unfairness of burdening citizens in another forum with jury duty. *Decker,* 805 F.2d at 843. Private factors include ease of access to proof, availability of willing and unwilling witnesses, and any other practical problems that make the trial of this matter easy, expeditious and inexpensive. *Id.*

Omni–Pac and Statco have not carried their heavy burden of showing that this action should be transferred on the basis of convenience. Witnesses reside in both the States of Oregon and California, and evidence is located in both states. The court concludes that transfer of this action would merely shift the inconvenience from one party to the other. Accordingly, the motions of Omni–Pac and Statco to transfer this action are denied.

## CONCLUSION

The motion of Omni–Pac to dismiss (# 11–1) and to transfer (# 11–2) is denied. The motion of Statco to dismiss (# 12–1) and to transfer (# 12–2) is denied.

The request of OPI for leave to amend its complaint is granted. OPI shall file its amended complaint within fifteen days of the date of this opinion.