**GRAY & COMPANY, an Oregon corporation, Plaintiff–Appellee,**

v.

**FIRSTENBERG MACHINERY COMPANY, INC.; Polk Machinery, Inc., Defendants–Appellants.**

No. 89–35527.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1990.

Decided Sept. 7, 1990.

---

Richard Grossman, Dannen, Crane, Heyman & Simon, Chicago, Ill., for defendants-appellants.

Peter H. Koehler, Jr., Tonkon, Torp, Galen, Marmaduke & Booth, Portland, Or., for plaintiff-appellee.

Before BROWNING, ALARCON and KOZINSKI, Circuit Judges.

PER CURIAM:

Plaintiff Gray & Company, Inc. (Gray) brought this action for misrepresentation, rescission and breach of warranty. Defendants Firstenberg Machinery Company, Inc. (Firstenberg) and Polk Machinery, Inc. (Polk) appeal from the judgment entered against them after a bench trial. We vacate the judgment below because the district court lacked personal jurisdiction over defendants-appellants.

I.

Gray, a manufacturer of processed foods, is an Oregon corporation with its principal place of business in Oregon. Firstenberg, a California corporation with its principal place of business in California, is a seller and broker of used food processing equipment. Gray telephoned Firstenberg and asked whether Firstenberg knew of a used filter for sale. Firstenberg contacted defendant Polk, an Illinois corporation located in Illinois. Polk told Firstenberg it knew of a used filter for sale in Chicago. Firstenberg told Gray of the filter. Gray claimed, and the district court found, Firstenberg told Gray the filter was complete and operable. Gray sent an employee to Chicago to inspect the filter. Because Gray found the filter required cleaning and cosmetic repair, it asked for and received a $1000 discount from Firstenberg off the original $18,500 price. Firstenberg sent Gray an invoice indicating the filter was sold "as is, where is."

Shortly after the filter's arrival in Oregon, Gray determined the filter was inoperable and demanded the defendants either rescind the sale and refund the purchase price or provide an operable filter. Defendants refused. Gray later purchased a substitute filter for $22,079.

After Gray commenced this action, defendants timely moved to dismiss for lack of personal jurisdiction. The court denied defendants' motion. The case proceeded to trial, and the court entered judgment for Gray. On appeal, defendants assert the

district court lacked personal jurisdiction over them, erred in holding them liable for a breach of warranty, and erred in calculating plaintiff's damages.

## II.

■ Because defendants challenge a judgment entered against them on the merits, plaintiff must prove by a preponderance of the evidence facts which substantiate the district court's exercise of jurisdiction. *Haisten v. Grass Valley Med. Reimbursement Fund,* 784 F.2d 1392, 1396 & n. 1 (9th Cir.1986). We review the district court's factual findings for clear error. *United States v. McConney,* 728 F.2d 1195, 1200 (9th Cir.1984) (en banc). Whether the district court properly exercised personal jurisdiction is a question of law reviewed de novo. *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 380 (9th Cir.1990).

In order to establish personal jurisdiction, the plaintiff must show both the forum state's long-arm statute confers personal jurisdiction over the out-of-state defendants and the exercise of jurisdiction does not violate federal constitutional principles of due process. *Haisten,* 784 F.2d at 1396. Oregon's long-arm statute confers jurisdiction to the extent permitted by due process.[1] *See* Or.R.Civ.P. 4 L; *Oregon ex rel. Hydraulic Servocontrols Corp. v. Dale,* 294 Or. 381, 657 P.2d 211, 212 (1982).

Gray does not contend there is general jurisdiction. We employ a three-part test to determine whether the exercise of specific jurisdiction comports with due process. "(1) The defendant must have done some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of the defendant's forum-re-

lated activities; and (3) the exercise of jurisdiction must be reasonable." *Shute,* 897 F.2d at 381.

## A.

■ "Purposeful availment requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. This focus upon the affirmative conduct of the defendant is designed to ensure that the defendant is not haled into court as the result of random, fortuitous or attenuated contacts...." *Id.* (citations omitted). A defendant has purposely availed himself of the benefits of a forum if he has deliberately "engaged in significant activities within a State or has created 'continuing obligations' between himself and the residents of the forum." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985) (citations omitted).

A contract alone does not automatically establish the requisite minimum contacts necessary for the exercise of personal jurisdiction. *Id.* at 478, 105 S.Ct. at 2185. "[P]rior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" are the factors to be considered. *Id.* at 479, 105 S.Ct. at 2185. The foreseeability of causing injury in another state is not a sufficient basis on which to exercise jurisdiction. *Id.* at 474, 105 S.Ct. at 2183.

Neither Firstenberg nor Polk had any contact with Oregon prior to this sale; neither of them had ever sought or done business in Oregon, or had officers or agents there. Their only contacts in connection with this sale consisted of Firstenberg's response to Gray's solicitation for a filter,

---

1. Gray argues because defendants' actions fall into one of the specially defined categories of Oregon's long-arm statute (specifically Or.R. Civ.P. 4 E(5), which permits the exercise of personal jurisdiction if the cause of action "[r]elates to goods ... actually received in this state by the plaintiff from the defendant ... without regard to where the delivery to carrier occurred"), the court can dispense with a due process analysis. *See Oregon ex rel. Hydraulic*

*Servocontrols Corp. v. Dale,* 294 Or. 381, 657 P.2d 211, 213 (1982) (Oregon Supreme Court stated these categories already take into account due process consideration making unnecessary a separate due process analysis). The district court properly rejected this proposition. The courts, not the state legislature, must ultimately decide whether the requirements of due process have been met in a particular case.

Firstenberg's telephone conversations with Gray, Firstenberg's mailing the invoice to Gray, and Firstenberg's receipt of payment from Gray.

As we have said, the fact that a contract was consummated between Firstenberg and Gray does not establish purposeful availment. The course of negotiations consisted of a few phone calls, which Gray initiated. There was no formal written contract, only a routine exchange of an invoice and a purchase order. There is no evidence the sale contemplated a continuing relationship between Gray and the defendants. To the contrary, Firstenberg's invoice stated the sale was "as is, where is," indicating Firstenberg's desire not to be responsible for the filter after delivery in Illinois.

Gray argues because Firstenberg knew Gray was in Oregon and Gray would bring the filter to Oregon, Firstenberg should have anticipated being sued in Oregon if something went wrong with the filter. As noted above, foreseeability of injury in the forum does not in itself establish purposeful availment.

Defendants' contacts with Oregon fall in the category of "attenuated contacts" insufficient in themselves to establish defendants have purposefully availed themselves of the benefits and protections of the forum's law.

### B.

We have recently adopted the "but for" test to determine the "arising out of" requirement. *Shute,* 897 F.2d at 385–86. Since Gray would not have been injured if defendants had not contracted to sell the defective filter, this element is satisfied.

### C.

■ The reasonableness determination requires consideration of seven factors:

[1] the extent of purposeful interjection; [2] the burden on the defendant to defend the suit in the chosen forum; [3] the extent of conflict with the sovereignty of the defendant's state; [4] the forum state's interest in the dispute; [5] the most efficient forum for judicial resolution of the dispute; [6] the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and [7] the existence of an alternative forum.

*Id.* at 386. "These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Burger King,* 471 U.S. at 477, 105 S.Ct. at 2184.

Most of these factors do not weigh strongly in favor of either side. The most notable factor is the first; clearly the defendants' purposeful interjection into Oregon was minimal. Witnesses and evidence are few and presumably mobile. The filter press itself, though heavy, has been moved once from Illinois to Oregon, and in any event was not inspected by the district court during the proceedings below. The hardship to the respective parties in litigating outside their preferred forums is comparable, and no forum provides any marked efficiency over the alternatives. Because the alternative forums are within the United States, any conflicting sovereignty interests are best accomodated through choice-of-law rules rather than jurisdictional rules. *Hirsch v. Blue Cross, Blue Shield,* 800 F.2d 1474, 1482 (9th Cir.1986). Moreover, since Oregon, Illinois and California have generally adopted the UCC, the law in each forum is similar. Oregon's interest in the dispute is not particularly great since the case does not involve a tort or a contract that would implicate an ongoing relationship. Both California and Illinois provide alternative forums.

### III.

In sum, defendants' contacts with Oregon are not sufficient to justify the exercise of personal jurisdiction. Defendants did not purposefully avail themselves of the benefits of Oregon law, and jurisdiction is not otherwise reasonable. We do not reach defendants' remaining contentions. We VACATE the judgment entered below and REMAND to the district court with instructions to dismiss the action or, if in

the interest of justice, to transfer to the Northern District of California or the Northern District of Illinois pursuant to 28 U.S.C. § 1631.

VACATED and REMANDED.