**FONE AMERICA, INC., a Nevada corporation, Plaintiff,**

v.

**INTEGRETEL, INC., a California corporation, Defendant.**

**Civ. No. 91–758–FR.**

United States District Court, D. Oregon.

Dec. 18, 1991.

**498**

John J. Tollefsen, Robert A. Kaye, Tollefsen & Company, P.C., Portland, Or., for plaintiff.

Henry Kantor, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Or., Terence M. Kane, Ferrari, Alvarez, Olsen & Ottoboni, San Jose, Cal., for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is defendant's motion to dismiss (# 7–1) or, in the alternative, to transfer for improper venue (# 7–2).

This is a diversity action brought by plaintiff, Fone America, Inc. (Fone America), against defendant, Integretel, Inc. (Integretel). This dispute arises from a contract between the parties for the factoring of a portion of accounts receivable of Fone America.[1] Fone America alleges that Integretel breached this contract and committed the torts of fraud and negligence.

Integretel moves to dismiss this action under Fed.R.Civ.P. 12(b)(2), arguing that the court lacks personal jurisdiction. The dispute centers on whether Integretel has sufficient contacts with the State of Oregon to permit this court to exercise jurisdiction over it.

## UNDISPUTED FACTS

Fone America is a Nevada corporation with its principal place of business in the State of Oregon. Fone America provides operator-assisted telephone services to its customers. Integretel is a California corporation with its principal place of business in the State of California. Integretel is in the business of factoring and collecting accounts receivable for telephone billing services. Integretel has no offices in the State of Oregon, and none of its directors or corporate officers reside in the State of Oregon.

Sometime in 1988, the parties entered into an agreement for Integretel to factor a portion of the accounts receivable of Fone America. The parties operated under this agreement through early 1991. Throughout the term of the agreement, Integretel sought to factor a larger portion of the accounts receivable of Fone America. Early in 1991, an employee of Integretel contacted Fone America by telephone and by facimille in order to solicit a greater portion of Fone America's accounts receivable. Fone America received in-person solicitations from employees of Integretel at a conference in Dallas, Texas in February, 1991 and later in Portland, Oregon. Negotiations by telephone and facimille between the parties eventually resulted in the parties reaching an agreement. In early April, 1991, a representative of Fone America signed the agreement and mailed it to the State of California for the signature of a representative of Integretel.

## APPLICABLE LAW

"In order to establish the existence of personal jurisdiction in a diversity case, the plaintiff must show (1) that the statute of the forum confers personal jurisdiction over the nonresident defendant, and (2) that the exercise of jurisdiction accords with federal constitutional principles of due process." *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987). The laws of the State of Oregon permit a court to exercise jurisdiction over any party so long as "prosecution of the action against a defendant in

---

1. Factoring is the direct sale of accounts receivable at a discount.

this state is not inconsistent with the Constitution of this state or the Constitution of the United States." Or.R.Civ.P. 4 L. The long-arm statute of the State of Oregon is coextensive with the limits of federal due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir.1990).

## ANALYSIS

■ When the activities of the defendant are "continuous and systematic" or "substantial," a state may exercise general personal jurisdiction without offending due process. *Lake*, 817 F.2d at 1420 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, 72 S.Ct. 413, 418, 96 L.Ed. 485 (1952)). The court finds that Integretel lacks sufficient contacts with the State of Oregon for this court to exercise general personal jurisdiction.

■ The court next must determine whether it may exercise limited personal jurisdiction over Integretel. The United States Court of Appeals for the Ninth Circuit uses a three-part test for determining limited jurisdiction: "1) the nonresident defendant must have *purposefully availed* himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must *arise out of* or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be *reasonable.*" *Roth v. Garcia Marquez*, 942 F.2d 617, 620–21 (9th Cir.1991) (emphasis in original). The plaintiff must establish each of these factors for jurisdiction to lie. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 817 n. 10 (9th Cir.1988); *see also Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir.1986) (plaintiff bears burden of proving jurisdiction).

In examining factor one, the court finds that Integretel purposely availed itself of the privilege of conducting activities in the State of Oregon through its active and prolonged solicitation of an increased portion of the business of Fone America. This is not a case where the contacts of a defendant with the forum are attributable solely to the actions of the plaintiff. *See Roth*, 942 F.2d at 621.

With respect to factor two, it is undisputed that this action arises out of the contract resulting from Integretel's forum-related activities.

In examining the third factor—whether the exercise of jurisdiction would be reasonable—the court must balance a number of considerations: 1) the extent of Integretel's purposeful interjection into the affairs of the State of Oregon; 2) the burden on Integretel; 3) conflicts of law between the State of Oregon and the home jurisdiction of Integretel; 4) the interest of the State of Oregon in adjudicating the dispute; 5) the most efficient judicial resolution of the dispute; 6) the interest of Fone America in convenient and effective relief; and 7) the existence of an alternative forum. *Id.* at 623. However, where, as here, it has been shown that Integretel purposely availed itself of the privilege of conducting activities in the State of Oregon, "the forum's exercise of jurisdiction over [the defendant] is presumptively reasonable." *Corporate Inv. Business Brokers v. Melcher*, 824 F.2d 786, 790 (9th Cir.1987). Integretel may not rebut this presumption without a "compelling" showing that the exercise of jurisdiction would be unreasonable. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985)). The court finds that Integretel has not made a showing sufficient to overcome the presumption that the exercise of jurisdiction is reasonable; therefore, factor three is satisfied. Integretel's actions in soliciting the business of Fone America are sufficient to allow this court to exercise personal jurisdiction over Integretel.

■ Alternatively, Integretel seeks a transfer of venue to the Central District of California. Pursuant to 28 U.S.C. § 1404, a federal district court may, in the interest of justice, transfer any civil action for the convenience of the parties and potential witnesses. In ruling on a motion to transfer, the "court must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986).

■ Based on the record before it, the court cannot say that transfer is appropriate here. While some factors favor transferring this action to the Central District of California, others counsel toward keeping the case in the District of Oregon. Integretel, as the moving party, has the burden of establishing that the action should be transferred. *Findley Adhesives, Inc. v. Williams*, 751 F.Supp. 184, 186 (D.Or. 1990). Integretel has failed to make the "strong showing of inconvenience" necessary to warrant upsetting the choice of forum of Fone America. *See Decker Coal Co.*, 805 F.2d at 843.

## CONCLUSION

Integretel's motion to dismiss (# 7–1) and its alternative motion to transfer for improper venue (# 7–2) are denied.