**VCS SAMOA PACKING COMPANY, a Delaware corporation, Plaintiff,**

v.

**BLUE CONTINENT PRODUCTS (PTY) LTD., a subsidiary of Barlow Rand, a South African Company, Defendant.**

**No. 97–CV–1883 K(CGA).**

United States District Court, S.D. California.

Jan. 20, 1998.

Scott L. Metzger, Duckor Spradling and Metzger, San Diego, CA, for plaintiff.

Keith Zakarin, Booth Banning, San Diego, CA, Domini C. Pham, Rice Fowler Booth and Banning, San Diego, CA, for defendant.

## ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

KEEP, Chief Judge.

Defendant Blue Continent Products (PTY) Ltd. moves to dismiss for lack of personal jurisdiction, or, in the alternative, for improper venue, or, in the alternative, for *forum non conveniens.* Plaintiff VCS Samoa Packing Company opposes. Both parties are represented by counsel.

## I. *FACTUAL BACKGROUND*

On May 20, 1997, VCS Samoa contacted Blue Continent at Blue Continent's office in South Africa by facsimile indicating VCS Samoa's interest in purchasing tuna from Blue Continent. Thereafter the parties agreed that VCS Samoa would purchase tuna from Blue Continent to be delivered from South Africa to VCS Samoa's cannery in American Samoa. Negotiations took place by fax and telephone between representatives of Blue Continent ("defendant") in South Africa and VCS Samoa ("plaintiff") in San Diego, California.

The tuna was shipped to plaintiff's cannery in American Samoa aboard the vessel MV Antilla ("Antilla"). Antilla does not call in San Diego, California. Upon inspecting the tuna in American Samoa, plaintiff rejected a high percentage of it for alleged non-conformance with plaintiff's standards. Thereafter, the parties exchanged facsimile transmissions in an effort to determine how they would handle the allegedly non-conforming tuna.

On October 20, 1997, plaintiff filed this action for breach of contract, breach of express warranty, breach of implied warranty, strict liability, and negligence. According to defendant, the complaint was improperly served on November 4, 1997. The parties stipulated to extend the time for defendant to respond to the complaint to December 22, 1997. Defendant states that it waived a technical defect in service, but reserved all other defenses.

On November 28, 1997, defendant initiated an *in rem* admiralty action in South Africa. Defendant arrested Antilla based on plaintiff's claims that the tuna was spoiled, and defendant's belief that any spoilage must have occurred while aboard the vessel.

On December 22, 1997, defendant filed this motion to dismiss the complaint for lack of personal jurisdiction, or in the alternative to dismiss for improper venue, or in the alternative to dismiss for *forum non conveniens*. Plaintiff opposes.

## II. DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### A. Legal Standard

■ Pursuant to Federal Rule of Civil Procedure Rule 12(b)(2), a court may dismiss a suit for "lack of jurisdiction over the person." Fed.R.Civ.P. 12(b)(2). The Ninth Circuit has established a two part test to determine the propriety of exercising personal jurisdiction: "First, the relevant state's long-arm statute must permit jurisdiction. Second, the exercise of jurisdiction must be consistent with the demands of due process." *Greenspun v. Del*

*E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir.1980) (citing *H. Ray Baker v. Associated Banking Corp.*, 592 F.2d 550, 551 (9th Cir.1979), *cert. denied*, 444 U.S. 832, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979) and *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 413–14 (9th Cir.1977)).

■ As to the first inquiry, California Code of Civil Procedure § 410.10 provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal.Civ.Proc.Code § 410.10. Thus, in California, the "statutory limitations upon jurisdiction are 'coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court.'" *Data Disc, Inc. v. Sys. Technology Assocs., Inc.*, 557 F.2d 1280, 1286 (9th Cir.1977) (citing *Republic Int'l Corp. v. Amco Engineers, Inc.*, 516 F.2d 161, 167 (9th Cir.1975)).

■ A defendant must have certain "minimal contacts" with the forum so that the court's exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." *Data Disc, Inc.*, 557 F.2d at 1287 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). When a defendant moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff has the burden of making "a prima facie showing of jurisdictional facts." *Id.* at 1285–86. The required prima facie showing must be of either general or specific jurisdiction.

### B. Discussion

■ General jurisdiction exists where a non-resident defendant's activities in the state are "substantial" or "continuous and systematic." *Data Disc, Inc.*, 557 F.2d at 1287. Defendant's contacts with this forum consist of the communications incident to the contract at issue in this case and a series of contracts it entered with Bumble Bee International Inc., a company with

offices in San Diego. Like the contract with plaintiff, the contracts with Bumble Bee also did not involve delivery of goods to this forum; the Bumble Bee contracts required delivery to Bumble Bee in Mayaguez, Puerto Rico. Defendant's performance of the Bumble Bee contracts involved no activity within California. Other than these contracts, defendant lacks further contacts with this forum. The court finds that the contacts incident to the Bumble Bee contracts are insufficient to establish "continuous" or "substantial" contact with the State of California. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418–19, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (holding that Colombian corporation's contacts with Texas were insufficient to uphold jurisdiction where the corporation had entered a series of purchase agreements in Texas and had sent employees to Texas for training). Plaintiff also asserts that an arbitration clause in defendant's contracts with Bumble Bee in which defendant agrees to arbitrate in California creates general jurisdiction over defendant. Plaintiff cites no authority to support such an assertion. This court declines to find that defendant is subject to general jurisdiction in this forum merely because it entered an arbitration agreement with another customer. Absent general jurisdiction over defendant, this court must find that specific jurisdiction exists in order to maintain this action.

■ The Ninth Circuit has articulated a three-prong analysis for determination of specific jurisdiction:

(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) The claim must be one which arises out of or results from the defendant's forum-related activities; and

(3) Exercise of jurisdiction must be reasonable.

*Data Disc, Inc.*, 557 F.2d at 1287. The determination of specific jurisdiction is a conjunctive test which "turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *Id.* The party asserting jurisdiction has the burden of proof once the issue is raised. *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1522 (9th Cir.1983).

■ With respect to goods and services in the international marketplace, the mere placement of a product into the stream of commerce is not necessarily sufficient to establish jurisdiction. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–298, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *see also Asahi Metal Ind. v. Superior Court*, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (holding that "defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State"). Moreover, indirect or attenuated contacts or the unilateral activity of a third party will not support the exercise of specific jurisdiction since it cannot be said that defendant purposely availed himself of the benefits of the forum. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984).

■ Plaintiff essentially argues that defendant should be subject to personal jurisdiction in this forum because defendant corresponded with plaintiff's office in San Diego; thus defendant should have foreseen that its conduct would have an effect in San Diego. Foreseeability alone, however, is not "sufficient benchmark for personal jurisdiction under the Due Process Clause." *World–Wide Volkswagen*, 444 U.S. at 295, 100 S.Ct. 559. Moreover, merely entering into a contract with a party who resides in the forum, in itself, is not sufficient to establish jurisdiction. *See Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614

F.2d 1247 (9th Cir.1980). The focus of the inquiry is on the affirmative conduct of the defendant. *See Gray & Company v. Firstenberg Machinery Co.,* 913 F.2d 758, 760 (9th Cir.1990).

Here defendant did not reach out to California to obtain this business, and the business itself was not directed to California. *Plaintiff* initiated contact with defendant in South Africa for the purpose of purchasing tuna for delivery to American Samoa. Thereafter, defendant shipped its product to American Samoa, where, upon arrival, the product allegedly failed to conform with the agreement. Defendant thus had very little contact with the forum state, and the contact it did have is not attributable to defendant's affirmative conduct. Although, defendant corresponded with plaintiff's San Diego office by facsimile and telephone, the mere "use of interstate facilities, such as telephones or mail, ... cannot alone provide the 'minimum contacts' required by due process." *See Bell Paper Box, Inc. v. Trans Western Polymers, Inc.,* 53 F.3d 920, 923 (8th Cir. 1995) (citation and internal quotation omitted).

The court finds that defendant did not purposefully avail itself of "the privilege of conducting activities within the forum state thus invoking the benefits and protections of its laws." *See Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *see also Data Disc, Inc.,* 557 F.2d at 1287. As noted above, in order to defeat this motion to dismiss for lack of personal jurisdiction, plaintiff must make a prima facie showing that (1) defendant purposefully availed itself of the privilege of conducting activities in California; (2) the claims arose from defendant's activities in California; and (3) jurisdiction is reasonable. *See Data Disc, Inc.,* 557 F.2d at 1287. Because the court finds that plaintiff has failed to establish the first prong of this test, plaintiff has failed to make a prima facie showing that the court should assert specific jurisdiction over defendant.

## III. DEFENDANT'S ALTERNATIVE MOTIONS

Defendant moves, in the alternative, to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), or on the basis of *forum non conveniens.* Having found that this court lacks personal jurisdiction over defendant, the court need not reach defendant's alternative motions.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion to dismiss for lack of personal jurisdiction. Defendant's motions to dismiss for improper venue and *forum non conveniens* are therefore moot.

IT IS SO ORDERED.