FILED

JUL 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR Y. CATIBAYAN, a U.S. citizen, | No. 13-35989 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00273-HU |
| v. | |
| SYCIP GORRES VELAYO & CO., (SGV), a Philippine Accounting Firm, AKA SGV/Ernst & Young, (SGV/EY), | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Cesar Y. Catibayan appeals pro se from the district court's judgment

dismissing his diversity action for lack of personal jurisdiction over SyCip Gorres

Velayo & Co. ("SGV").  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo, *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015), and we affirm.

The district court properly dismissed Catibayan's action for lack of personal jurisdiction because Catibayan failed to establish that SGV had sufficient contacts with Oregon such that maintenance of the suit there would not offend due process. *See* Or. R. Civ. P. 4(L); *Walden v. Fiore*, 134 S. Ct. 1115, 1121-23 (2014) (specific jurisdiction requires a defendant to have certain minimum contacts with the forum state); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223-24 (9th Cir. 2011) (general jurisdiction requires a defendant to have "continuous and systematic general business contacts" with the forum state (citation and internal quotation marks omitted)); *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (per curiam) (Oregon's long-arm statute allows for jurisdiction over non-residents coextensive with due process requirements).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Catibayan's motion to expedite is denied as moot.

Catibayan's motion for appointment of counsel is denied.

**AFFIRMED.**