NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALVARE LA VITA WATER, LLC, a
California Limited Liability Company,

Plaintiff-Appellant,

v.

CRAZY BOTTLING COMPANY, LLC;
FAMOUS MINERAL WATER
COMPANY, LP, DBA Famous Mineral
Water Company,

Defendants-Appellees.

No.    20-16513

D.C. No. 4:19-cv-07497-DMR

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Submitted July 6, 2021**
San Francisco, California

Before:  GRABER and LEE, Circuit Judges, and VRATIL,*** District Judge.

Salvare La Vita Water, LLC, ("Vita Water") appeals the district court's

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Kathryn H. Vratil, United States District Judge for the

order granting Crazy Bottling Company, LLC and Famous Mineral Water Company LP's ("Defendants") motion to dismiss for lack of personal jurisdiction. Vita Water also appeals the district court's denial of jurisdictional discovery. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vita Water, a California company, contacted the Defendants — both Texas companies — to order bottled water for a California customer, Apple Inc. Although the parties discussed entering a long-term contract, they failed to do so and instead opted for a single purchase order. Upon delivery of the bottles, the customer reported that the water contained brown particles, which apparently turned out to be live protozoa. Apple canceled its contract with Vita Water, and Vita Water sued the Defendants in the Northern District of California for breach of contract and related claims.

We review de novo a dismissal for lack of personal jurisdiction. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Though we take uncontroverted allegations in the complaint as true and resolve conflicts in Vita Water's favor, "disputed allegations in the complaint that are not supported with evidence or affidavits cannot establish jurisdiction." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020), *petition for cert. filed*, (U.S. Apr. 8, 2021) (No. 20-1430).

---

District of Kansas, sitting by designation.

1. To determine whether a defendant has sufficient contacts with the forum state to establish specific jurisdiction, we employ either a "purposeful availment" or "purposeful direction" test. *Picot*, 780 F.3d at 1212. Vita Water argues that the district court improperly applied the purposeful availment test when it should have applied the purposeful direction test. But purposeful availment applies to "claims sounding in contract," *id.*, and here, each of Vita Water's claims depends on the existence of a contract between the parties, even if some of them are styled as tort claims. Thus, the claims sound in contract, and the purposeful availment test applies to Vita Water's claims. *See Stanford Ranch, Inc. v. Md. Cas. Co.*, 89 F.3d 618, 625 (9th Cir. 1996).

2. The Defendants are not subject to specific jurisdiction in California. When analyzing minimum contacts using the purposeful availment test, we ask "whether a defendant has purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Picot*, 780 F.3d at 1212 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)) (cleaned up). Because "a contract alone does not automatically establish minimum contacts," *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008), we must examine the parties' prior negotiations, the contemplated future consequences, the terms of the contract, and the parties' actual course of dealing, *see Picot*, 780 F.3d at 1212.

The parties' negotiations do not show that the Defendants "reach[ed] out" to the forum state. *Burger King v. Rudzewicz*, 471 U.S. 462, 473 (1985). The Defendants do not advertise or distribute in California, and Vita Water — not the Defendants — initiated the transaction. The parties negotiated via phone and email, and the Defendants' representatives never traveled to California. In similar circumstances, we have found that purposeful availment has not been satisfied. *See Roth v. Garcia Marquez*, 942 F.2d 617, 621–22 (9th Cir. 1991); *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760–61 (9th Cir. 1990) (per curiam). The Defendants' knowledge of Vita Water's California customer base does not alter this conclusion, as foreseeability of causing harm in the forum state, without more, is insufficient for purposeful availment. *See Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007).

Regarding the future consequences, there is no evidence of "any continuing commitments assumed by [d]efendants under the contract." *Boschetto*, 539 F.3d at 1017. The parties failed to sign a long-term contract, and their emails show that they agreed to only a single purchase order without future obligations. This factor thus weighs against purposeful availment. *See Burger King*, 471 U.S. at 479–80. And for the terms of the contract, we have previously found isolated transactions like this one to be insufficient for purposeful availment. *See Boschetto*, 539 F.3d at 1019; *Gray*, 913 F.2d at 761.

4

Finally, the parties' course of dealing shows that the Defendants did not have a substantial role in any actions that would have "invok[ed] the benefits and protections" of California law. *Picot*, 780 F.3d at 1211. Though they connected Vita Water to a potential shipper, the Defendants did not coordinate shipment to California. Similarly, the Defendants provided the label sizing requirements to Vita Water, but they did not participate in designing the labels. And the Defendants' names do not appear anywhere on the labels, suggesting they had no intent to advertise in California. The evidence therefore shows that the Defendants' connection to California arose because Vita Water happened to do business there, and that is insufficient for purposeful availment. *See Burger King*, 471 U.S. at 475; *Picot*, 780 F.3d at 1212.

Considering the above factors collectively, Vita Water has not shown that the Defendants purposefully availed themselves of "the privilege of conducting activities" in California. *Picot*, 780 F.3d at 1212. They are thus not subject to personal jurisdiction in California.

3. The district court did not improperly resolve factual disputes in the Defendants' favor. *See Schwarzenegger*, 374 F.3d at 802. First, it accepted Vita Water's claim that the parties intended to enter a long-term contract. But based on the documentary evidence, it properly found that no such contract was finalized. *See AMA Multimedia*, 970 F.3d at 1207. Second, the district court appropriately

5

concluded that the parties had a limited co-packing relationship, as their emails show that the Defendants had a minimal role in shipping and labeling, and Vita Water presented no evidence indicating more substantial involvement. Finally, the court did not accept the Defendants' claim that they were unaware of Vita Water's California client base. Rather, it conducted its analysis assuming that the Defendants knew about the California customers, thereby resolving the conflict in Vita Water's favor. *See Schwarzenegger*, 374 F.3d at 800.

4. We review the district court's denial of jurisdictional discovery for abuse of discretion. *AMA Multimedia*, 970 F.3d at 1207. Vita Water sought discovery on each of the alleged factual disputes discussed above. But the district court properly considered Vita Water's evidence and resolved conflicts in its favor, so "a more satisfactory showing of the facts" is unnecessary. *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Vita Water has also offered no explanation as to how additional discovery would affect the personal jurisdiction analysis. *See Boschetto*, 539 F.3d at 1020. The district court thus did not abuse its discretion by denying jurisdictional discovery. *See Laub*, 342 F.3d at 1093.

**AFFIRMED.**[1]

---

[1] Defendants' motion to take judicial notice is GRANTED.